IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MELANDY LEWIS                                                                                          PLAINTIFF

V.                                              4:09CV00887 JMM

UNITED PARCEL SERVICE                                                                       DEFENDANT

## ORDER

Pending is the Defendant's Motion to Transfer Venue and Plaintiff's Motion for Leave to Depose Bob Wagner. The parties have responded to the motions.

Plaintiff alleges that she has been discriminated against by the Defendant on the basis of her race in violation of 42 U.S.C. § 1981. Plaintiff filed her Complaint in Pulaski County Circuit Court. It was removed by the Defendant to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. Defendant conceded in the Notice of Removal that venue was proper in this Court. 28 U.S.C. § 1441(a).

Plaintiff's claim for race discrimination arises under federal law and, therefore, both the Eastern District of Arkansas and the Western District of Tennessee have subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The Defendant does business and is subject to personal jurisdiction in both districts as well.

### Motion to Transfer Venue

Defendant asks the court to transfer Plaintiff's case from the Eastern District of Arkansas to the Western District of Tennessee pursuant to 28 U.S.C. § 1404. 28 U.S.C. § 1404(a) states:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

When balancing the conveniences under §1404, the Court may consider such things as: 1) the

convenience of the parties; 2) the convenience of the witnesses--including the willingness of the witnesses to appear; 3) the accessibility to records and documents; 4) the location where the conduct complained of occurred; and 5) the applicability of each forum state's substantive law. *Terra Int'l, Inc. v. Mississippi Chem. Corp.,* 119 F.3d 688, 691 (8th Cir. 1997). When determining what is in the interest of justice under § 1404, the Court may also consider: 1) judicial economy; 2) the plaintiff's choice of forum; 3) the comparative costs to the parties of litigating in each forum; 4) each party's ability to enforce a judgment; 5) obstacles to a fair trial; 6) conflict of law issues; and 7) the advantages of having a local court determine questions of local law. *Id.*

Plaintiff, a resident of Tennessee, was a 25-year employee of Defendant UPS in Memphis, Tennessee when she was terminated. Plaintiff claims that the ultimate decision-maker in the case was located in Arkansas. Therefore, she filed her Complaint in Arkansas.

UPS argues that the balance of conveniences favors a transfer of the case to Tennessee. Plaintiff disagrees and contends that this Court has jurisdiction over more of the proposed trial witnesses, that the Defendant employs the remaining witnesses identified for trial, and that the documents relative to the case are likely in Little Rock, Arkansas. However, the Defendant has provided evidence that all of the records related to Plaintiff's employment are now stored by UPS in Nashville, Tennessee. (Dec. of Cedric Williams, Dkt. 10). Although the ultimate decision maker, Cedric Williams, was located in Little Rock at the time of Plaintiff's termination, Mr. Williams is now employed by UPS in Nashville, Tennessee. *Id.* Plaintiff's former supervisor, Bob Wagner, also stated in his declaration that the employees who prepared written statements relating to Plaintiff's termination are still located in Tennessee. (Dec. of Bob Wagner, Dkt. 9).

2

The Court assumes that these individuals are likely to be called as witnesses at trial. There has been no identification of potential witnesses located within this Court's jurisdiction. Further, there would be no inconvenience to the Plaintiff because Plaintiff actually lives in Tennessee and has retained Memphis counsel.

The Court is aware that a plaintiff's choice of forum should be given great weight. The Court finds, however, that this is the only factor weighing in the Plaintiff's favor. When a plaintiff has chosen a forum with no connection to the issues in dispute and no apparent, or stated, connection to the Plaintiff, little or no weight should be accorded to the plaintiff's choice of forum. *Thornton Drilling Co. v. Stephens Prod. Co.,* 2006 WL 2583659 (E.D. Ark. 2006)(quoting in part *Production Group Intern., Inc. v. Goldman,* 337 F.Supp.2d 788 (E.D. Va. 2004)).

The Court find that the Defendant has met its burden of proving that a transfer of venue is warranted under 28 U.S.C. § 1404. Defendant's Motion to Transfer Venue (Docket # 7) is GRANTED.

### Motion to Depose

Plaintiff asked the Court to allow her to depose Bob Wagner of UPS because she believes that the declaration "is false by omission." (Pl.'s Motion to Depose, Dkt. 11). This conclusory allegation is not sufficient to show good cause under the circumstances. Therefore, the Motion for Leave to Depose (Docket # 11) is DENIED.

### Conclusion

Defendant's Motion to Transfer Venue (Docket # 7) is GRANTED. The Clerk of the Court is directed to transfer this case to the Western District of Tennessee, Western Division

3

within a reasonable period of time. *In re Nine Mile Limited*, 673 F.2d 242 (8th Cir. 1982)(per curiam). Plaintiff's Motion for Leave to Depose (Docket # 11) is DENIED.

IT IS SO ORDERED this 17th day of February, 2010.

_____
James M. Moody
United States District Judge